IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH OAT HOLDINGS, INC., BIOTHANE CORPORATION, ROBERT SAX, MICHAEL HOLTZ, GRAIG ROSENBERGER, MARTIN KAPLAN, RONALD KAPLAN, JOHN MURPHY, AND RCM BIOTHANE, LLC,<br>Plaintiffs,<br>v.<br>RCM DIGESTERS, INC. AND MARK MOSER,<br>Defendants/ Counterclaimants/ Third-Party Plaintiffs. | CIVIL NO. 06-4449(NLH)(JS)<br><br>**OPINION** |

**APPEARANCES:**
Richard J. Kravitz, Esquire
Mukti Naresh Patel, Esquire
Fox Rothschild, LLP
Princeton Pike Corporate Center, Building 3
997 Lenox Drive
Lawrenceville, NJ 08648-2311
   *Attorneys for Plaintiffs*

William J. DeSantis, Esquire
Joseph Kenney, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
Plaza 1000 - Main Street
Suite 500
Voorhees, NJ 08043

James C. Duda, Esquire
Eric D. Beal, Esquire
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115
   *Attorneys for Defendants/Counterclaimants/Third-Party Plaintiffs*

**HILLMAN**, District Judge

As stated in prior opinions, this case[1] concerns the marriage and divorce of a joint business venture, RCM Biothane, which promoted, designed, built, and sold anaerobic digester systems. As of August 7, 2006, plaintiffs and defendants decided to separate. Although the Court has stated that the main issue in the case is the effect and validity of the Separation Agreement signed by the parties on that day, the dissolution of the business also spawned numerous, and interrelated, claims and counterclaims concerning the development of the business and the actions of the parties following the break-up. At its peak, this case consisted of over 40 claims, and despite a few rounds of summary judgment motions and the voluntary dismissal of several counterclaims, the bulk of the case is primed for a trial before a jury.

Presently before the Court is plaintiffs' motion to bifurcate the upcoming trial. Plaintiffs argue that if only the issues concerning the Separation Agreement were tried first, significant judicial resources would be conserved. In opposition, defendants argue that plaintiffs' argument is misguided because it is premised upon the jury's wholesale adoption of plaintiffs' view of the Settlement Agreement, and does not account for any other outcome. Defendants also argue that regardless of the outcome of the trial

---

[1] This Court has jurisdiction over the federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

on the Separation Agreement, a second trial would still be necessary to resolve claims left unresolved by any verdict in the first trial.  Thus, defendants argue that even accepting the certainty of plaintiffs' best-case scenario, because bifurcation in any form would not prevent a second trial, no judicial resources would be saved, and more would actually be wasted.

Federal Civil Procedure Rule 42(b) provides, "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.  When ordering a separate trial, the court must preserve any federal right to a jury trial."  The decision to try a claim separately is left to the discretion of the trial court.  <u>Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pennsylvania, Inc.</u>, 49 F. Supp. 2d 709, 721 (D.N.J. 1999) (citing <u>Lis v. Robert Packer Hospital</u>, 579 F.2d 819, 824 (3d Cir. 1978)).  Because "a single trial tends to lessen the delay, expense and inconvenience to all parties," the burden rests on the party seeking bifurcation to show that it is proper. <u>Id.</u> (citation omitted).

Oral argument on plaintiffs' bifurcation motion was held on July 20, 2010.  As the Court expressed at the hearing, on the surface there appear to be some compelling reasons to reduce this twenty-plus claim case into a single a breach of contract action--a four to six week trial would be trimmed to a few days, only a few

3

of the 800-plus exhibits and 40-plus witnesses would be presented, and the jury would not need to hear about issues obviated by a ratification of the Separation Agreement.  But as also expressed on the record, the Court agrees with defendants that these purported benefits of bifurcation, although worthy of consideration, are potentially illusory, and that bifurcating the trial may actually cause the case to injudiciously expand.

To support their argument for bifurcation, plaintiffs point out that in the prior Opinions, the Court has described the Settlement Agreement as being a key element of the case, stating, "the validity of the Separation Agreement is also the main issue in the case--answering the question of whether the Separation Agreement serves as the final resolution of the parties' business relationship and voids all previous agreements also answers many of the parties' other claims."  (March 31, 2009 Op. at 5.)  With the qualifier of "many of the parties' other claims," however, that observation still supports the denial of plaintiffs' bifurcation request for several reasons.

First, even if plaintiffs prevail on their breach of contract claim against defendants, a second trial would be required for the claims unaffected by the jury's decision on that issue.  That would result in an unavoidable redundancy, which does not support plaintiffs' judicial economy argument.  On the other hand, if plaintiffs do not prevail in the first trial, the need for a

4

subsequent trial would not only result in even more redundancies, the overall length of the two combined trials would be exponentially longer than if only one trial on all the claims had been held in the first place.

Second, bifurcating the trial as plaintiffs propose could unfairly bias the jury into accepting plaintiffs' position. Defendants have contended from the beginning of the case that in order to understand why the parties agreed to separate on August 7, 2006, and why and how they came to sign the Separation Agreement that day, is a story that needs to be told from beginning to end, and not only from a snapshot in the middle.  Although the Court accepts plaintiffs' contention that defendants would be able to assert any of their defenses to the contract, such as fraud, in the bifurcated trial, and through that defense more of the story would be told, the view of the case would still be tipped too much in plaintiffs' favor if the trial were bifurcated.

The Court recognizes and appreciates plaintiffs' legitimate concern for the Court's and the jury's time, efforts, and resources.  Bifurcation, however, is not the proper method to fulfill that goal in this case.  Instead, through, for example, how the case is presented to the jury, or through well-crafted jury charges, it is within plaintiffs' power to control their case to prevent the delay and jury confusion they fear.  Indeed, the same holds true for defendants.  As acknowledged by defense counsel at

oral argument, defendants also have a significant interest in not overburdening the jury with a heavy-handed or tedious presentation of the voluminous evidence generated in this case.  Moreover, both sides have a vested interest in crafting special jury interrogatories that will allow for the jury's careful and orderly consideration of all defenses and claims, and anticipate the possibility that certain findings may moot or help determine other matters or claims.

Because the Court finds that bifurcation would not foster convenience, avoid prejudice, or expedite and economize the trial of this case, plaintiffs' motion to bifurcate the trial must be denied.  An appropriate Order will be entered.


Date:   July 30, 2010                    s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

6